UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PATRICK KING,

        Plaintiff,

          v.                      CAUSE NO. 3:26-CV-111-JTM-AZ

ROSE WILCOX, LEE, and ALLEN
COUNTY JAIL,

        Defendants.

OPINION AND ORDER

Patrick King, a prisoner without a lawyer, filed a complaint "seeking compensation for medical negligence + pain and suffering!!" (DE # 1 at 4.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

King is a pretrial detainee in the Allen County Jail. He alleges at the end of October he had abdominal pain and low blood pressure. He was taken to Lutheran Hospital where they conducted tests, found a mass on his left kidney, and recommended a biopsy. King describes the mass as cancerous, but also says he was told it was only *potentially* cancerous. King says Nurse Practitioner Rose Wilcox told him in

late October that he has an appointment for a biopsy, but would not tell him when.[1] As of January, he still had not gone for the biopsy. King writes, "I personally feel this wasn't important to Rose Wilcox or Dr. Lee because if Lutheran Hospital didn't have an earlier appointment available there is always Parkview Hospital." (DE # 1 at 2-3.)

Pretrial detainees are entitled to adequate medical care. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). To establish a violation of this right, a detainee must prove: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). It is not enough for the plaintiff to establish "negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

This complaint does not plausibly allege that either Nurse Practitioner Wilcox or Dr. Lee were objectively unreasonable in regard to his biopsy. King argues Lutheran Hospital said he needed the biopsy as soon as possible, but he has provided no facts from which it can be plausibly inferred that he has not been scheduled as soon as possible. King wants a biopsy sooner and would like to go to a different hospital if Lutheran Hospital cannot get him in sooner. While that is understandable, it does not state a claim. Given that his biopsy is scheduled at the same hospital where he received

---

[1] For security reasons, it is common for prisons and jails to not provide details about when an inmate will be moved outside the facility.

the recommendation that he get a biopsy as soon as possible, it is not objectively

unreasonable for the defendants to rely on the hospital's scheduling to conform to its

recommendation.

King also alleges he has a painful prostate. Dr. Lee has examined his prostate and

prescribed him ibuprofen. King says he is still in pain.

> Whether and how pain associated with medical treatment should be
> mitigated is for doctors to decide free from judicial interference, except in
> the most extreme situations. A prisoner's dissatisfaction with a doctor's
> prescribed course of treatment does not give rise to a constitutional claim
> unless the medical treatment is so blatantly inappropriate as to evidence
> intentional mistreatment likely to seriously aggravate the prisoner's
> condition.

*Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citations and quotation marks

omitted). This complaint does not provide facts from which it can be plausibly inferred

that Dr. Lee's treatment decisions were objectively unreasonable. A complaint must

contain sufficient factual matter "to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at

555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not shown—that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If King believes he can state a claim based on (and consistent with) the events described in the complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Patrick King until **March 24, 2026**, to file an amended complaint; and

(2) CAUTIONS Patrick King if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: February 10, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT